UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RAKEEM FLOWERS,                               :
              Petitioner,                        :
                                                     :   **MEMORANDUM OPINION**
                                                     :   **AND ORDER**
v.                                            :
                                                     :   19 CV 11950 (VB)
UNITED STATES OF AMERICA,                     :   S8 14 CR 768-2 (VB)
              Respondent.                        :
--------------------------------------------------------x

Briccetti, J.:

      Petitioner Rakeem Flowers, proceeding pro se, moves under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence with respect to Count Three of the superseding information. Petitioner claims that in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), his conviction for possessing firearms in furtherance of a conspiracy to participate in a racketeering enterprise and a separate conspiracy to distribute and possess with intent to distribute marijuana, should be set aside.

      For the following reasons, the motion is DENIED.

## BACKGROUND

      The relevant facts are as follows: Flowers was a member of a street gang in Yonkers that engaged in various violent crimes and marijuana trafficking. To carry out those crimes, gang members used, carried, and possessed firearms.

      On August 10, 2016, Flowers waived indictment and pleaded guilty to all three counts of a superseding information (the "S8 Information"), specifically, conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count One); conspiracy to distribute and possess with intent to distribute a controlled substance, namely marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(D) (Count Two); and using, carrying, and possessing firearms in

1

furtherance of both the racketeering conspiracy and the marijuana conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count Three).

At the guilty plea proceeding, the government proffered that if the case went to trial, it would prove members of the gang committed various robberies and sold drugs, including marijuana, and used firearms in furtherance of those activities. (Plea Tr. 24-25). In his allocution, Flowers admitted he participated in robberies and marijuana trafficking (Plea Tr. 28) and that he carried a firearm "for purposes of protecting the activities and the territory" of the gang, and also "for the purpose of furthering the effort to distribute marijuana." (Plea Tr. 32).

On December 22, 2016, the Court sentenced Flowers to an aggregate term of imprisonment of 96 months. Specifically, the sentence imposed was 36 months' imprisonment on each of Counts One and Two, to run concurrently; and the mandatory minimum sentence of 60 months' imprisonment on Count Three, to run consecutively to the sentences imposed on Counts One and Two.

Flowers filed the instant Section 2255 motion on December 23, 2019, claiming that under Davis, he could "no longer be charged with a 924(c) on a RICO conspiracy." (Doc. #1 at ECF 4).

## DISCUSSION

A person is guilty of violating Section 924(c) if he uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"), or that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing

the offense" (the "residual clause").  Id. § 924(c)(3)(A), (B).  A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)," id. § 924(c)(2), which includes 21 U.S.C. §§ 841(b)(1)(D) and 846.

In United States v. Davis, 139 S. Ct. at 2336, the Supreme Court invalidated Section 924(c)'s residual clause, such that a racketeering conspiracy, as charged in Count One of the S8 Information, no longer qualifies as a "crime of violence."  However, the Davis decision did not invalidate the "drug trafficking crime" predicate for a Section 924(c) conviction, which remains undisturbed by Davis or otherwise.

The government argues that because Flowers did not challenge his Section 924(c) conviction on direct appeal, he has procedurally defaulted that claim.  The Court need not reach the procedural default argument because Flowers's Section 924(c) conviction has a valid predicate even after Davis, namely the marijuana conspiracy charged in Count Two.

The S8 Information, to which Flowers pleaded guilty, explicitly alleged that he used and carried firearms during and in relation to a drug trafficking crime, namely the marijuana distribution conspiracy charged in Count Two, and that in furtherance thereof, he possessed firearms.  And, as noted above, during his guilty plea allocution, Flowers admitted he carried a firearm "for the purpose of furthering the effort to distribute marijuana."  Thus, Flowers's Section 924(c) conviction is fully supported by his possession and use of a firearm in furtherance of a drug trafficking crime.  See In re Navarro, 931 F.3d 1298, 1302 (11th Cir. 2019) (Section 924(c) conviction valid if predicated on drug conspiracy); United States v. Vasquez, 672 F. App'x 56, 61 (2d Cir. 2016) (summary order) (Section 924(c) conviction valid if supported by a drug trafficking crime, even if not supported by a crime of violence); Williams v. United States,

2020 WL 6683075 (S.D.N.Y. Nov. 12, 2020) (same); <u>Delva v. United States</u>, 2020 WL 2214801 (S.D.N.Y. May 7, 2020) (same).[1]

In short, because there is a valid predicate for petitioner's Section 924(c) conviction, <u>Davis</u> does not apply and the Section 2255 motion must be denied.

## CONCLUSION

Petitioner Rakeem Flowers's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to close this case.

Chambers will mail a copy of this opinion to petitioner at the address on the docket in Case No. 19 CV 11950 (VB).

Dated: November 18, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] Petitioner will be provided copies of all unpublished opinions cited in this decision. See <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).