UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RAKEEM FLOWERS,                          :
              Petitioner,       :
                                :       **ORDER**
v.                                       :
                                :       20 CV 10331 (VB)
UNITED STATES OF AMERICA,                :       S8 14 CR 768-2 (VB)
              Respondent.       :
--------------------------------------------------------x

       On December 23, 2019, Rakeem Flowers filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction on Count Three of the superseding information under United States v. Davis, 139 S. Ct. 2319 (2019).  (That motion was docketed under case number 19 CV 11950.) Count Three charged Flowers with using, carrying, and possessing firearms in furtherance of the racketeering conspiracy charged in Count One and the marijuana conspiracy charged in Count Two, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.  In Davis, the Supreme Court invalidated Section 924(c)'s residual clause as unconstitutionally vague, but did not invalidate the statute's "drug trafficking crime" predicate, which remains undisturbed by Davis or otherwise.  Thus, by memorandum opinion and order dated November 18, 2020, the Court denied the motion, finding that Flowers's conviction on Count Three had a valid predicate, namely the marijuana conspiracy charged in Count Two, and that Davis did not apply.  (Doc. #6 in 19 CV 11950).

       Shortly thereafter, the Court received from Flowers another motion under 28 U.S.C. § 2255, once again challenging his conviction on Count Three.  But this time Flowers contends his sentence on Count Three should be vacated under Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

1

(This motion is docketed under case number 20 CV 10331.[1])  In Dimaya, the Supreme Court held that the residual clause in the Immigration and Nationality Act, which is similar to the residual clause in Section 924(c), was unconstitutionally vague.  In Davis, decided a year after Dimaya, the Court relied on Dimaya in holding that Section 924(c)'s residual clause was unconstitutionally vague.

Although Flowers now claims to rely on Dimaya, his most recent Section 2255 motion raises essentially the same claim he raised in his previous motion.

Flowers's filing of the second Section 2255 motion after this Court denied his first motion on the merits presents a procedural issue.  Generally, such motions are construed as "second or successive" motions under 28 U.S.C. § 2255(h), and the Court may not review them without prior certification from the U.S. Court of Appeals for the Second Circuit.  However, for a motion to be considered second or successive, petitioner's opportunity to seek appellate review of the earlier disposition must have expired.  See Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005).

Flowers filed the instant motion on November 29, 2020, before the expiration of the 30-day period to appeal the denial of his first Section 2255 motion.  Thus, the instant motion is not a "second or successive" motion under Section 2255(h).

Nevertheless, the instant motion is entirely without merit for the same reasons set forth in the Court's memorandum opinion and order denying Flowers's first motion on the merits.  His conviction on Count Three is valid because it is based on the marijuana conspiracy in Count Two.  Davis does not apply, and Dimaya does not apply.

---

[1]  Flowers falsely states in his second motion that he has not filed any previous motions, petitions, or applications concerning his conviction.  (Doc. #1 ¶ 10, in 20 CV 10331).

## CONCLUSION

Petitioner Rakeem Flowers's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to close case number 20 CV 10331.

Chambers will mail a copy of this opinion to petitioner at the following address:

Rakeem Flowers
Register No. 71633-054
USP Thomson
U.S. Penitentiary
P.O. Box 1002
Thomson, IL  61285

Dated:  December 21, 2020
	White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

3